UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
Address 68.32.47.18,

    Defendant.
_____/

Case No. 19-CV-10478

HON. GEORGE CARAM STEEH

## ORDER GRANTING PLAINTIFF'S MOTION TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DOC. 3)

In this action, Plaintiff Strike 3 Holdings, LLC alleges that Defendant John Doe violated its copyrights. Currently, Strike 3 can only identify the Defendant by his or her internet protocol ("IP") address. On February 15, 2019, Strike 3 filed a motion for leave to serve a third-party subpoena that seeks John Doe's name and contact information from his or her internet service provider (the "ISP"). The court concludes that Strike 3 has shown good cause for its request to serve a subpoena before the conference of the parties required by Federal Rule of Civil Procedure 26(f) and before the court has held its initial scheduling conference under Federal Rule of Civil Procedure 16.

- 1 -

Accordingly, IT IS ORDERED that Plaintiff's motion to serve a third-party subpoena (Doc. 3) is GRANTED, as follows:

1. Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Strike 3 shall not seek or obtain the telephone number or email address of the Defendant. Furthermore, Strike 3 shall attach to any such subpoena (1) a copy of this Order and (2) a copy of the court's Protective Order that it entered on this date.

2. Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

   > the term "cable operator" means any person or group of persons
   >
   > (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
   > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

   it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy all documents received from Strike 3 to the Defendant.

4. Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing its rights as set forth in its Complaint.

5. Until further order of the court, the Defendant shall be identified in all public filings in this action as "John Doe." In addition, until further order of the court, no party shall use the name, address, or any other identifying contact information of the Defendant in any public filing in this case.

IT IS SO ORDERED.

Dated: March 13, 2019

             s/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk